UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN BANK, N.A.,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID RENFRO, et al.,<br><br>   Defendants. | Case No. 5:15-cv-05744-PSG<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Re: Docket Nos. 2, 4, 5)** |

This is the third time that Defendants David Renfro et al. have removed this unlawful detainer action to federal court.[1] The court ORDERS the Clerk of Court to reassign this case to a district judge and RECOMMENDS that the newly assigned judge REMAND the case for lack of subject matter jurisdiction[2] and DENY Alaniz's motion to proceed in forma pauperis as frivolous.[3]

**I.**

Plaintiff JPMorgan Bank, N.A., initiated this unlawful detainer action in state court against

---

[1] *See* Docket No. 5 at 2; *JPMorgan Chase Bank National Association v. Renfro*, Case No. 5:15-cv-01730-BLF at Docket No. 1 (N.D. Cal. Apr. 16, 2015) ("*Renfro I*"); *JPMorganChase v. Renfro*, Case No. 5:15-cv-02705-BLF at Docket No. 1 (N.D. Cal. June 17, 2015) ("*Renfro II*").

[2] *Cf. 3925 Alameda Prop. LLC v. Brainerd*, Case No. 12-cv-4924-EMC, 2012 WL 5199170, at *2 (N.D. Cal. Oct. 22, 2012); *Compass Bank v. Goble*, Case No. 12-cv-1885-WQH, 2012 WL 3229155, at *2 (S.D. Cal. Aug. 3, 2012); *Louden, LLC v. Pajarillo*, Case No. 12-cv-2638-EMC, 2012 WL 3155151, at *1 (N.D. Cal. Aug. 2, 2012); *Bank of Am., Nat'l Ass'n v. Soliven*, Case No. 10-cv-1844-IEG, 2010 WL 3636260, at *2 (S.D. Cal. Sept. 14, 2010).

[3] *Cf. Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hoke v. Arpaio*, 92 F.3d 1192, 1192 (9th Cir. 1996).

Defendant David Renfro and Does 1 to 6.[4] Renfro twice attempted to remove the case to federal court, and the court remanded it both times.[5] The court warned Renfro that "future attempts to remove this matter may result in sanctions."[6] Defendant Alejandro Alaniz, another resident of the disputed property,[7] now removes the case and requests leave to proceed in forma pauperis.[8]

## II.

The parties have not yet consented to magistrate judge jurisdiction,[9] so this matter shall be reassigned to a district judge.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.[10] The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper.[11]

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."[12] A claim "arises under" federal law if, based on the "wellpleaded complaint rule," the plaintiff alleges a federal claim for relief.[13] Defenses and

---

[4] *See* Docket No. 1-1.

[5] *See Renfro I*, Case No. 5:15-cv-01730-BLF at Docket Nos. 1, 10; 15; *Renfro II*, Case No. 5:15-cv-02705-BLF at Docket Nos. 1, 11.

[6] *Renfro II*, Case No. 5:15-cv-02705-BLF at Docket No. 11 at 2.

[7] *See* Docket No. 1 at 2:26-28.

[8] *See* Docket Nos. 1, 2.

[9] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a).

[10] *See* 28 U.S.C. § 1441.

[11] *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

[12] *See* 28 U.S.C. § 1331.

[13] *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

counterclaims asserting a federal question do not satisfy this requirement.[14]  Federal district courts also have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.[15]

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).[16] Section 1915(a) does not require an applicant to demonstrate absolute destitution.[17]  An IFP application will be denied and the action dismissed, however, if the party seeking IFP status has filed a pleading or petition that is legally frivolous.[18]  A submission is "frivolous" for IFP purposes and therefore subject to summary dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact."[19]

### III.

Applying the above standards, it is clear that subject matter jurisdiction does not exist, and that Alaniz's notice of removal therefore is frivolous.

***First***, JPMorgan Bank's complaint raises only a state law claim for unlawful detainer.[20] There is no federal claim for relief in the complaint.  Additionally, the complaint states that the damages claimed do not exceed $10,000.[21]  Alaniz's notice states that the amount in controversy

---

[14] *Id.*

[15] *See* 28 U.S.C. §1332.

[16] *See Franklin v. Murphy,* 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

[17] *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)).

[18] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[19] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.

[20] *See* Docket No. 1-1.

[21] *See id.* at ¶ 1.c.

United States District Court
Northern District of California

1 exceeds $75,000 because the note and deed of trust of the disputed real property is approximately
2 $850,000.[22] However, unlawful detainer actions involve the right to possession alone, not title to
3 the property, and the fact that the subject property may be worth more than $75,000 is irrelevant.[23]
4 Neither the requirements for federal question nor diversity jurisdiction are satisfied.

*Second*, given that the court has twice rejected Defendants' attempts to remove this case and nothing has changed to cure the lack of jurisdiction, it is clear that Alaniz's notice of removal "lacks an arguable basis either in law or in fact" and is frivolous.[24] In forma pauperis status thus is inappropriate.

**SO ORDERED AND RECOMMENDED.**

Dated: December 29, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[22] *See* Docket No. 1 at 3.

[23] *See MOAB Investment Group, LLC v. Moreno*, Case No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal. Feb. 6, 2014); *Maxwell Real Estate Investment LLC v. Bracho*, Case No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal. July 13, 2012).

[24] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.